IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL NO. 5:05CR9-28-V

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| BRADFORD DARNELL DOBBINS, ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Government's "Notice of Appeal and Motion for Revocation and Stay of Magistrate Judge's Release Order " pursuant to 18 U.S.C. § 3145(a)(1), filed June 16, 2005. The Defendant is in custody awaiting trial.

Defendant had his original detention hearing on March 24, 2005, before Chief United States Magistrate Judge Carl Horn. At the conclusion of that hearing, Defendant was ordered detained. On June 14, 2005, Defendant, through counsel, requested a review of his eligibility for bond. Defendant's motion alleged a substantial change of circumstances, namely, completion of the thirty-day Substance Abuse Treatment Program in the Mecklenburg County Jail and Defendant's adjustment to confinement since his arrest. On June 16, 2005, the magistrate judge authorized Defendant's release on bond with electronic monitoring subject to a $25,000.00 unsecured bond, co-signed by his mother.

This Court reviews *de novo* the magistrate judge's release order. 18 U.S.C. §3145(b); United States v. Williams, 753 F.2d 329, 333 (4th Cir. 1985). The Court has reviewed the audio recording of the detention hearing before the Magistrate Judge as well as the contents of the criminal file in this matter, including the original Pretrial Services report and recommendation.

The Defendant is charged with violations of 21 U.S.C. §§ 846 and 841(a)(1), namely conspiracy to distribute cocaine, cocaine base, and marijuana, as well as three different substantive offenses of possession with intent to distribute cocaine base. Given that the Grand

1

Jury has found probable cause that Defendant committed an offense for which a maximum term of imprisonment of ten (10) years or more is prescribed in the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. §3142(e).

In determining whether there are conditions of release that will reasonably assure the appearance of the Defendant and the safety of other persons and the community, the Court considers all evidence regarding:

> (1) the nature and circumstances of the offense charged (including whether the offense if a crime of violence or involves a narcotic drug);
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including —
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings; and
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . .

18 U.S.C. §3142(g).

Upon review of these factors, the Court disagrees with the Magistrate Judge's finding that a substantial change of circumstances exists such that bond is now appropriate in this case. First, as a general rule, the undersigned does not consider successful completion of a short-term substance abuse treatment program a sufficient change of circumstances for purposes of the bond statute.[1] In so finding, the Court notes that this Defendant has been unemployed for approximately a year and a half and the only employment noted by Pretrial Services prior to that time is short-

---

[1] Without minimizing Defendant's accomplishment, the Court's reasoning recognizes the limited benefits of any short-term treatment program, particularly where there is a history of substance abuse that dates back to a person's youth. Further, the Court appreciates that participation in substance abuse treatment while a defendant is already confined is somewhat less compelling than a situation where an individual seeks treatment on his or her own accord.

2

term.  Defendant admits abusing marijuana since the age of fifteen.  Likewise, the strength of the evidence (as presented by the Government during the detention and bond hearings) - three undercover purchases of crack cocaine from this individual Defendant -  favors detention.  This Defendant has an extensive criminal record dating back to 1993. Defendant has convictions for drug offenses as well as convictions for offenses indicating that Defendant is a danger to the community, namely, common law robbery, communicating threats, and resisting arrest.   In sum, taking all of the factors into consideration, the Court finds that no combination of conditions can reasonably assure the appearance of the Defendant and the safety of other persons and the community.

**IT IS, THEREFORE, ORDERED** that the Government's motion to revoke  the release order is hereby **GRANTED**. Accordingly, the Defendant shall remain in custody pending trial.

The Clerk shall certify copies of this Order to Defense Counsel, the United States Attorney, the United States Marshal, and the United States Probation Office.

**Signed: July 25, 2005**

_Richard L. Voorhees_
Richard L. Voorhees
United States District Judge